UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER,<br><br>                          Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br><br>                         Defendant. | Case No.: 17cv285-WQH-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 4]** |

      This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California. For the reasons set forth herein, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

### I.    PROCEDURAL HISTORY

      Plaintiff David B. Turner, who is proceeding without the assistance of counsel, brings this action against the County of San Diego, California. (ECF No. 1). On February 13, 2017, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. It sets forth four claims alleging violations of his civil rights

1

by the County of San Diego. (*Id.*). Specifically, Plaintiff alleges Fourth, Eighth and Fourteenth Amendment violations stemming from various altercations which took place from December 2015 to February 2016.[1] On April 3, 2017, Defendant, County of San Diego, filed this motion to dismiss all counts. (ECF No. 4-1).

Defendant contends that: (1) Plaintiff's claims are insufficient to impute liability against a municipality per the requirements set forth in *Monell v. New York City Dept. of Social Serv.,* 436 U.S. 658 (1978) or *City of Canton v. Harris*, 489 U.S. 378 (1989); (2) Plaintiff's first claim is time barred; and (3) Plaintiff's second claim fails to state a claim under the Eighth Amendment because he does not allege facts sufficient to support the objective requirement for a civil rights claim for cruel and unusual punishment. (ECF No. 4-1 at 2).

Plaintiff opposes the motion to dismiss on the grounds that: (1) the statute of limitations has not run on Claim 1, and the claim was not properly answered as required by Rule 55 of the Federal Rules of Civil Procedure; (2) the allegations in Claim 2 are predicated on the "policies on sexual harassment, and policies on human dignity and respect during visual cavity searches conducted by County of San Diego employees that showed deliberate indifference to [Plaintiff's] constitutional, and 'personal rights;'" (3) Claim 3 was not properly answered pursuant to Rule 55, and "deal[s] with policies on sexual harassment, human dignity and respect during service of the morning meal by County of San Diego employees. . .that policy was the moving force

---

[1] Plaintiff's complaint numbers his claims as follows: 1 (pg. 3), 1A (pg. 4), 2 (pg.17), and 3 (pgs. 17 and 87). For the purposes of this Report and Recommendation the claims shall be numbered 1, 2, 3, and 4, respectively.

behind the constitutional violations in [the] count;" and (4) "the County of San Diego's policies. . .[are] the mov[ing] force behind the civil rights violations that cause[d] Turners [sic] injury." (ECF No. 7 at 4).

Defendant replies that Plaintiff fails to allege facts sufficient to support his claims against the County by failing to identify a policy or pattern as required to impute liability to a municipality. (ECF No. 8).

## II. BACKGROUND FACTS

The facts are taken from Plaintiff's Complaint and are not to be construed as findings of fact by the Court.

The Complaint alleges the County violated Plaintiff's constitutional rights on four separate occasions while he was in custody. (ECF No. 1). The only named defendant is the County. There are no individually named defendants in this action.[2] The first incident took place on December 12, 2015, when Plaintiff was placed in "overly tight hand-cuffs" and attacked by a "crazy inmate," whom the deputies mistakenly allowed to be placed in the same holding cell as Plaintiff. (ECF No. 1 at 3).[3] The second incident occurred on January 22, 2016, when Plaintiff asked another inmate for a "hot-tray," to which Deputy Tillman replied, "You can get a peace [sic] of this dick." (ECF No. 1 at 17).[4] The third incident happened on February 12, 2016, when, "in the scope of his employment deputy Johnson unreasonab[ly] perform[ed] a[n] unreasonably [sic] cavity search on [the Plaintiff] by jaming [sic] his thumb or finger into [Plaintiff's] rectal cavity, and sqeezing [sic]

---

[2] "As a general rule, the use of "John Doe" to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citing *Wiltsie v. Cal. Dep't of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968)).
[3] Claim 1
[4] Claim 3

[Plaintiff's] genitals." (ECF No. 1 at 47).[5] The final incident occurred on February 21, 2016, when Plaintiff, while nude, was cavity searched in the outside yard at night. (ECF No. 1 at 4). Plaintiff alleges a deputy taking part in the search remarked, "I seen a lot of ass tonight" and told Plaintiff to "open up wider." (ECF No. 1 at 4).[6]

During this time Plaintiff filed a number of Prisoner Grievance Reports regarding each incident, all of which appear to have been acknowledged by prison officials. (ECF No. 1). Plaintiff included the Prisoner Grievance Reports and subsequent replies in the Complaint presumably to show he exhausted his administrative remedies.

### III. LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotations omitted). The pleader must provide the Court with "more than an un-adorned, the-defendant-unlawfully harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements will not suffice." *Id.* "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [a court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations omitted).

---

[5] Claim 4
[6] Claim 2

4

A *pro se* pleading is construed liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996)). The *pro se* pleader must still set out facts in his complaint that bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

A *pro se* litigant is entitled to notice of deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## IV.   DISCUSSION

### A.   Municipal Liability under *Monell*

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

The Supreme Court held in *Monell*, that "municipalities are not completely immune from suit under § 1983." 436 U.S. 658 at 701. Nevertheless, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory." *Id.* at 691 (emphasis in original); *see also Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

Consequently, "[a] municipality is responsible for a constitutional violation, … , only when an 'action [taken] pursuant to [an] official municipal policy of some nature' caused the violation." *Castro v. Cty. of Los Angeles*, 797 F.3d 654, 670 (9th Cir. 2015) (quoting *Monell*, 436 U.S. at 691). "Official municipal policy includes the decisions of a government's lawmakers, the acts

5

of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). A policy "promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies *Monell's* policy requirement." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989), overruled on other grounds by *Bull v. City & Cty. of San Francisco*, 595 F.3d 964 (9th Cir. 2010) (en banc).

In the absence of an explicit policy, a plaintiff may establish a municipal liability claim by showing the existence of a permanent and well-settled practice or custom of the municipality which gave rise to the alleged constitutional violation. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Navarro v. Block*, 72 F.3d 712, 6 714-15 (9th Cir. 1996); *Thompson*, 885 F.2d at 1444 (9th Cir. 1989). Allegations of random acts, or single instances of misconduct, however, are insufficient to establish a municipal custom. *See Navarro*, 72 F.3d at 714; *Thompson*, 885 F.2d at 1444. But, once the plaintiff has demonstrated that a custom existed, the plaintiff need not also demonstrate that "official policy-makers had actual knowledge of the practice at issue." *Navarro*, 72 F.3d at 714-15; *see Thompson*, 885 F.2d at 1444. *But see Blair v. City of Pomona*, 223 F.3d 1074, 1080 (9th Cir. 2000) (Municipalities attempting to defeat a *Monell* claim bear the burden of showing "that the custom was not known to the policy-makers.").

Lastly, the plaintiff may establish a municipal liability claim by alleging constitutional violations caused by a failure to train municipal employees adequately. *See City of Canton*, 489 U.S. at 388-91; *Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008).

Such a showing requires three elements: (1) the training program must be inadequate "'in relation to the tasks the particular officers must perform;'"

6

(2) the city officials must have been deliberately indifferent "'to the rights of persons with whom the [local officials] come into contact;'" and (3) the inadequacy of the training "must be shown to have 'actually caused' the constitutional deprivation at issue." *Merritt v. Cty. of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (internal citations omitted).

## B. Pleading Standard under *Monell*

To state a claim for municipal liability against an entity defendant, a plaintiff must allege that the entity itself caused the violation through a constitutionally deficient policy, practice or custom. *Monell,* 436 U.S. at 694. The Supreme Court held in *Twombly* and *Iqbal* that conclusory statements that merely recite the elements of a claim are insufficient for the purpose of Federal Rule of Civil Procedure 12(b)(6). *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly,* 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). "A plaintiff must identify the . . . policies [or customs] . . . , explain how such policy [or custom] was deficient, and explain how such a deficiency caused harm to the plaintiff. *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149-50 (E.D. Cal. 2009). "In other words, a plaintiff must allege 'specific facts giving rise to a plausible *Monell* claim' instead of 'formulaic recitations of the existence of unlawful policies, customs, or habits.'" *Austen v. Cty. of Los Angeles,* Case No. 15cv7372-DDP-FFM, 2017 WL 1364579, at *2 (C.D. Cal. Apr. 13, 2017) (quoting *Warner v. Cty. of San Diego*, Case No. 3:10cv1057 BTM (BLM,) 2011 WL 662993, at *3 (S.D. Cal. Feb. 14, 2011)). Accordingly, a conclusory allegation regarding the existence of a policy or custom unsupported by factual allegations is insufficient.

7

## C. Plaintiff's *Monell* Claims

Plaintiff fails to explicitly allege a policy or custom in his complaint. (ECF No. 1 at 3, 4, 47). He also fails to allege any relationship between the alleged violations and a policy or custom. (ECF No. 1 at 3, 4, 47). The only allegation containing any suggestion of a pattern is found in Claim 3, when it states Plaintiff was an "*ongoing* target of sexual abuse, harassment and intimidation by San Diego County and there [*sic*] employee's [*sic*]." (ECF No. 1 at 17) (emphasis added). The mere use of the word "ongoing" is insufficient to allege an express policy, a widespread practice, or involvement by a final policymaker. *See Ayla v. KC Envtl. Health*, 426 F. Supp. 2d 1070, 1095 (E.D. Cal. 2006), *aff'd*, 262 Fed. Appx. 27 (9th Cir. 2007) ("A plaintiff can establish a 'policy or custom' by showing: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority."). Further, an "improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method for carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996). Here, Plaintiff's *Monell* claim hinges on one word in one count in the complaint, which alone is too distended to support extrapolation of a policy or custom. A court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Finally, a court cannot consider as allegations facts Plaintiff asserts for the first time in his opposition. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining

8

the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original)).

Accordingly, the Court **RECOMMENDS** that Defendants' Motion to Dismiss all of Plaintiff's claims be **GRANTED** and all counts as to Defendant County of San Diego be **DISMISSED WITHOUT PREJUDICE**.

### V. CONCLUSION

For the reasons set forth herein, it is **RECOMMENDED** that:

1) Defendant's Motion be **GRANTED** as to all of the claims set forth in his complaint.

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the court and serve a copy on all parties by **July 24, 2017**. The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **July 31, 2017**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: July 7, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge